UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

EDWARD GRAY STILES, JR.,

Defendant.

No. 23 cv 01523 (MKV)

**MOTION FOR APPROVAL
OF CONSENT JUDGMENT**

Plaintiff Securities and Exchange Commission (the "Commission"), with the consent of defendant Edward Gray Stiles, Jr. ("Gray Stiles"), respectfully requests that the Court enter the proposed consent judgment ("Proposed Final Judgment") against him. The Proposed Final Judgment would fully resolve this matter. The proposed consent judgment is fair and reasonable and does not disserve the public interest. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014).

Factors to be considered include: (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind. *Id.* at 294-95 (internal citations omitted).

As reflected in the signed consent and Proposed Final Judgment,[1] the Proposed Final Judgment would: (1) permanently enjoin him from violating the federal securities laws as alleged

---

[1] Defendant Gray Stiles's Proposed Final Judgment is attached as Exhibit 1 and his consent is attached as Exhibit 2.

in the Complaint; and (2) order him to pay disgorgement of $724,956, which is deemed satisfied by the order of forfeiture of $724,956 in the parallel criminal case, *United States v. Stiles*, Case No. 23-cr-98 (S.D.N.Y.).

The proposed settlement satisfies all four of the *Citigroup* elements for evaluating the fairness and reasonableness of proposed decrees. First, with respect to the legality of the decree, the proposed injunctive relief and disgorgement are remedies that courts frequently impose upon defendants who are found liable for or settling to Section 10(b) violations. Second, the terms of the Judgment are clear. *See* Exhibit 1, attached. Third, the settlement resolves the SEC's claim against Defendant in its entirety. *Citigroup*, 752 F.3d at 294. Fourth, the settlement is not tainted by any improper collusion or corruption. Rather, it is the product of good-faith, arms-length negotiations with Defendant represented by experienced counsel, taking into account the litigation risks faced by all parties and the benefits to all parties of avoiding those risks and a protracted litigation.

WHEREFORE, the Commission respectfully requests that the Court approve the Proposed Final Judgment and docket it with the Defendant's signed consent.


Dated: 12/23/2025

S/ Judson T. Mihok
Judson T. Mihok
Gregory R. Bockin
Megan S. Ryan
Assunta Vivolo
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103
Phone: 215-597-3192
Fax: 215-597-2740
Email: MihokJ@sec.gov